# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JULIUS M. LAWRENCE BEY
1503 Benning Road, NE
Washington, DC 20002

Plaintiff,

v.

GOVERNMENT OF THE DISTRICT OF
COLUMBIA

SERVE: Mayor Muriel Bowser
Designee:  Darlene Fields
441 4th Street NW
Suite 600 South
Washington, D.C. 20001
202-724-6507


SERVE: Karl Racine, Attorney General
Designee: Darlene Fields or Tonia Robinson
or Gale Rivers
Attorney General for the District of Columbia
441 4th Street, N.W., 6th Floor South
Washington, D.C. 20001
202-724-6295


and

FREDERICK ONOJA
1805 Bladensburg Road, NE
Washington, DC 20002

Defendants.

Civil Action No: 17-35

# COMPLAINT

## Complaint for Money Damages with Jury Demand

1.      This is an action for a judgment for money damages for false arrest and malicious prosecution under the common law of the District of Columbia and unreasonable arrest and fabrication of evidence and unconstitutional prosecution under Section 1983 brought by plaintiff Julius M. Lawrence Bey against defendants the Government of the District of Columbia (hereinafter the "District of Columbia" or the "District") and Frederick Onoja, an officer of the District of Columbia Metropolitan Police Department ("MPD").

## Parties

2.      Plaintiff Mr. Lawrence Bey is an adult and a longtime resident of the District of Columbia area.

3.      Defendant government of the District of Columbia is a municipal corporation capable of being sued under D.C. Code § 1-102.

4.      Defendant Frederick Onoja is an employee of the District of Columbia and a member of the MPD.

5.      At all times defendant Frederick Onoja was acting within the scope of his employment and defendant Frederick Onoja was acting pursuant to a policy of the District of Columbia.

6.      The District of Columbia Office of the Attorney General (the "OAG") is an agency of the District of Columbia that prosecutes "District offenses" on behalf of the District in Superior Court.

7.      D.C. Code § 23-101(a) provides that prosecutions for offenses (including DMCR violations) which have a maximum jail time of not more than a year in jail shall be prosecuted by the OAG.

8.      The prosecutors in the OAG are known as Assistant Attorneys General ("AAGs").

9.      For purposes of § 1983 this complaint names defendant Frederick Onoja in his individual

capacity.

Factual Allegations

Introduction

10.     On January 9, 2016 about 5:00 pm Officer Onoja of the District of Columbia MPD arrested Mr.

Lawrence in front of Roses Liquor at 830 Bladensburg Road, NE, Washington, DC on a charge of

vending without a license (selling single a cigarette). 24 DMCR § 502.1.



11.

12.     Officer Onoja lied. Mr. Lawrence was not selling any cigarette.

Page 3

13.     Officer Onoja arrested Mr. Lawrence without probable cause.

14.     Officer Onoja saw some men standing in front of Roses and decided to investigate.

15.     Officer Onoja approached the store with another officer, Officer Ruano.

16.     Officer Onoja swore in his in his reports that he saw Mr. Lawrence Bey sell a loose cigarette to another man.

17.     Officer Ruano was not willing to swear that he witnessed the alleged sale of a loose cigarette even though he was right there with Officer Onoja.

18.     Then, defendant Onoja falsely arrested Mr. Lawrence Bey on a trumped up charge of vending without a license (selling single cigarette), 24 DMCR § 502.1.

19.     Officer Onoja also confiscated all the money Mr. Lawrence Bey had on his person, about $213.

20.     Officer Onoja also falsely swore out a Gerstein in which he falsely swore under oath that Mr. Lawrence sold loose cigarettes knowing that the prosecutor would rely on the false sworn statements in deciding whether to prosecute Mr. Lawrence.

21.     Officer Onoja also falsely swore out an information in which he falsely swore under oath that Mr. Lawrence sold loose cigarettes knowing that the prosecutor would rely on the false sworn information in deciding whether to prosecute Mr. Lawrence.

22.     Officer Onoja also made false oral statements in which he falsely swore that Mr. Lawrence sold loose cigarettes knowing that the prosecutor would rely on the false statements in deciding whether to prosecute Mr. Lawrence.

23.     The District of Columbia Attorney General did in fact prosecute Mr. Lawrence in 2016 CDC 000697: District of Columbia v. Lawrence, Julius M.

24.     The information referenced a statute with a civil penalty even though the District of Columbia Attorney General initiated a prosecution of Mr. Lawrence in criminal division on Superior Court.

25.     The Superior Court granted Mr. Lawrence's motion to dismiss for want of prosecution on 04/27/2016.

26.     There was no probable cause to support the arrest for any offense.

Starburst Plaza



Top: Current engineering sketches for the Starburst intersection. Bottom: Plaza concept sketch from the H Street-Benning Road Great Streets project. Click to enlarge.

27.

28.     Starburst Plaza is named for the "starburst" pattern created by the union of H Street, Maryland Avenue, and Bladensburg and Benning roads NE, the plaza is administered by the District Department of Transportation and maintained by H Street Main Street, a nonprofit.

29.     Because Starburst Plaza is administered by the District Department of Transportation there is no curfew there.

30.     It is a transportation hub with lots of bus routes and a metro station.

31.     There are facilities designed to invite people to hang out and socialize there including shade trees, a fountain, benches, and tables with chess boards painted on them, and a Capital Bikeshare station.

32.     The H Street Farmers Market was introduced in July 2016.

33.     Starburst Plaza is named for the "starburst" pattern created by the union of H Street, Maryland Avenue, and Bladensburg and Benning roads NE, the plaza is administered by the District Department of Transportation and maintained by H Street Main Street, a nonprofit.

34.     Because Starburst Plaza is administered by the District Department of Transportation there is no curfew there.

35.     There are benches and tables with chess boards painted on them and other facilities designed to invite people to hang out and socialize there.

**Defendant Onoja is an open and notorious violator of civil rights.**

36.     Defendant Onoja is an open and notorious violator of civil rights of the people in the District of Columbia whom he polices.

37.      His signature practice is to initiate an encounter with a citizen and then to escalate the encounter into a use of force incident.

38.     For example, in this case Officer Onoja stopped Mr. Junes in a deserted alley because believed that the bottle holder on his bicycle had beer in it, and then wound up making Mr. Junes.

39.     In <u>Hall v. District of Columbia</u> Officer Onoja stopped Mr. Hall and some other people in Starburst Plaza and words were exchanged and Officer Onoja wound up jumping on Mr. Hall's back as he walked up the street and making him in the face.

40.     In <u>Young v. District of Columbia</u>, 16-1046 (TFH) and <u>Fontroy v. District of Columbia</u>, 16-1741 (TFH) two cases growing out of the same incident, Officer Onoja ordered Mr. Young to pour out the contents of a can of beer he believed Mr. Young "constructively possessed" and when Mr. Young refused Officer Onoja threw Mr. Young on the ground pushed his face into the sidewalk and later ono tackled Mr. Fontroy and threw him to the ground in front of numerous officer and witnesses and lied about it under oath when he testified in Mr. Fontroy's trial in Superior Court.

41.     On another occasion he stopped Mr. Junes for a POCA offense in a dark alley and then sprayed mace in Mr. Junes' eyes because Mr. Junes walked toward a populated area because he was afraid to be in a dark alley with Officer Onoja.

42.     He later in arrested Mr. Junes for violation of a stay away in an area where the stay away did not apply.

43.     On numerous occasions defendant Onoja has arrested and pressed trumped up charges against young black men and other people without probable cause.

44.     On numerous occasions defendant Onoja has harassed and even arrested people, especially young black men, without probable cause for alleged violations of the District's incommoding statute. D.C. Code § 22-1307(a).

45.     The incommoding statute purports to criminalize conduct when it results in "crowding, obstructing, or incommoding" the sidewalk or entrances to public or private buildings, and the person refuses to move on when so ordered. D.C. Code § 22-1307(a).

46.     Defendant Onoja used the statute to clear the sidewalks in his patrol area of young black men who have done nothing wrong.

47.     For example, Officer Onoja and a partner arrested Mr. Bugg Bey for incommoding even though Officer Onoja admitted in his deposition in the civil trial that he knew Mr. Bugg Bey was standing on private property.

48.     In the civil case in Superior Court Judge Dixon denied Officer Onoja's motion for summary judgment on qi grounds and the District ultimately settled the case.

49.     On August 25, 2015, again in front of Stanton, Officer Onoja arrested Joseph Alexander for continuing to walk up and down the street after Officer Onoja told him to leave the area for loitering.

50.     The District has stopped enforcing the incommoding statute because it is unconstitutional.

51.     Officer Onoja then began using the "POCA" statute as his favored tool for making false arrests. D.C. Code § 25-1001(a).

52.     Officer Onoja makes most of his arrests on the ¼ mile strip of Bladensburg Rd NE, Washington, DC 20002 starting from the intersection of H Street, NE and Bladensburg Rd, NE (the "Bladensburg corridor").

53.     This area has been a hot bed of gentrification in the last ten years.

54.    It appears that Officer Onoja is motivated at least in part in assisting developers wishing to

exclude long-time residents from the area and in excluding long-time residents to make way for the newly

arrived "quality."

55.    Officer Onoja has assaulted and trumped up charges against other people in the area and

trumped up false charges against other people in the area on quality of life charges such as POCA and

incommoding (23 D.C. Code § 1307) to clear the area's long-time residents from the area as part of the

gentrification process.

### The MPD has not meaningfully disciplined Defendant Onoja.

56.    The MPD has not disciplined Defendant Onoja by placing him into non-contact status.

57.    Nor has the District meaningfully disciplined Defendant Onoja in any other way.

### The District has ratified Defendant Onoja's conduct in this incident and in the incidents described above by not disciplining him and continuing to allow him to make bad arrests.

58.    The District has ratified Defendant Onoja's conduct in this incident and in the incidents

described above by not disciplining him.

59.    He is still in the field making arrests, **operating without any decent restraint, totally beyond the**

**pale of any acceptable police behavior.**

60.    Just last month he made a stop of a Black man on a pretextual stop for POCA (position of an

open container of alcohol) and parlayed that pretextual stop into an arrest for possession of a tiny amount

of a controlled substance and possession of paraphernalia (a straw).

61.     The MPD and the prosecutors have suppressed information about Officer Onoja in cases in which Officer Onoja is a witness in criminal prosecutions in the District of Columbia Superior Court instead of disclosing it to defendants facing charges pursuant to their <u>Brady</u> obligations.

### Claim 1 – Common law false arrest against individual officer defendant Onoja

62.     Mr. Lawrence Bey adopts by reference the preceding paragraphs as if fully set forth herein.

63.     Defendant Onoja arrested Mr. Lawrence Bey for POCA and took him to the station where he was photographed and finger printed.

64.     The arrest of Mr. Lawrence Bey was against his will and was not lawful or justified and was not supported by probable cause.

65.     Officer Onoja did not see Mr. Lawrence Bey in possession of an open container of alcohol in public.

66.     As a direct and proximate result of this arrest, Mr. Lawrence Bey suffered loss of liberty and physical injuries and emotional distress.

### Claim 2 – Common law false arrest against District of Columbia

67.     Mr. Lawrence Bey incorporates herein the preceding paragraphs.

68.     The District is liable in **respondeat superior** for the conduct of defendant Onoja in falsely arresting Mr. Lawrence Bey against his will and without justification.

69.     At all relevant times its agents, its officers named above, were acting within the scope of their employment pursuant to an official policy or practice of the Mayor and the City Council.

70.     As a direct and proximate result of this arrest, Mr. Lawrence Bey suffered loss of liberty and physical injuries and emotional distress.

### Claim 3 – Common law malicious prosecution against District of Columbia

71.     Mr. Lawrence Bey incorporates herein the preceding paragraphs.

72.     The District (1) initiated a criminal prosecution against Mr. Lawrence Bey, (2) maliciously and (3) without probable cause, (4) which terminated in favor of Mr. Lawrence Bey when the trial court dismissed the case for want of prosecution, and (5) which caused injury to the Mr. Lawrence Bey.

73.     As a direct and proximate result of this arrest, Mr. Lawrence Bey suffered loss of liberty and physical injuries and emotional distress.

### Count 4 – 42 U.S.C. § 1983; Fourth Amendment claim against defendant Onoja for false arrest

74.     Mr. Lawrence Bey adopts by reference the preceding paragraphs as if fully set forth herein.

75.     Defendant Onoja arrested Mr. Lawrence Bey without probable cause in violation of his Constitutional rights under the Fourth Amendment.

76.     The arrest of Mr. Lawrence Bey was against his will and was not lawful or justified.

77.     Officer Onoja's conduct was the moving force behind the violation of Mr. Lawrence Bey's constitutional rights under the 4th Amendment and Mr. Lawrence Bey's suffering loss of liberty and physical injuries and emotional distress.

### Count 5 – 42 U.S.C. § 1983; Fifth Amendment claim against defendant Onoja for fabrication of evidence

78.    Mr. Lawrence Bey adopts by reference the preceding paragraphs as if fully set forth herein.

79.    Officer Onoja falsely swore in a police report and a "Gerstein" (sworn probable cause affidavit) and a criminal complaint that Mr. Lawrence Bey sold a loose cigarette in violation of the law when he did not.

80.    Officer Onoja supplied the false documents supported by false oral statements to the prosecutor.

81.    Officer Onoja even fabricated the probable cause facts on this claim.

82.    The AAG relied on Officer Onoja's fabrications initiate a prosecution of Mr. Lawrence Bey for tampering of evidence.

83.    Officer Onoja's false statements effectively hijacked the AAG's independent judgment and caused the AAG to advance a case based on the fabrications.

84.    By doing so Officer Onoja violated Mr. Lawrence Bey's right to a fair trial under the 5th Amendment.

85.    Officer Onoja's fabrication of evidence resulted in a deprivation of Mr. Lawrence Bey's liberty because the MPD arrested him and the AAG in reliance on Officer Onoja's fabrications prosecuted Mr. Lawrence Bey for four months before the Superior Court judicial officer dismissed the case for wnt of posecution.

86.    Officer Onoja's fabrication of evidence was the moving force behand the violation of Mr. Lawrence Bey's constitutional rights under the 5th Amendment and 6th Amendment and Mr. Lawrence Bey's suffering loss of liberty and physical injuries and emotional distress.

### Count 6 – 42 U.S.C. § 1983; Fourth and Fifth Amendment claim against defendant District of Columbia for unconstitutional prosecution

87.　　Mr. Lawrence Bey adopts by reference the preceding paragraphs as if fully set forth herein.

88.　　An AAG initiated prosecution against Mr. Lawrence Bey by filing an information against him charging him with selling a loose cigarette in violation of 24 DMCR § 502.1 and 24 DMCR § 575.4 (which is non-existent).

89.　　24 DMCR § 575.1 provides for the issuance of a civil infraction.

90.　　But, the penalty alleged in the information was a civil infraction.

91.　　Initiating and continuing a criminal prosecution against Mr. Lawrence Bey based on a civil infraction violated his 4th Amendment and 5th Amendment rights.

92.　　The OAG's prosecution of Mr. Lawrence Bey under a civil infraction was the moving force behand the violation of Mr. Lawrence Bey's constitutional rights under the 4th Amendment and 5th Amendment and Mr. Lawrence Bey's suffering loss of liberty and physical injuries and emotional distress.

### Count 7 – 42 U.S.C. § 1983; Municipal liability claim against defendant District of Columbia

93.　　Mr. Lawrence Bey adopts by reference the preceding paragraphs as if fully set forth herein.

94.　　The District has a custom or practice of failing to discipline defendant Onoja which can be inferred from evidence of repeated constitutional violations for which defendant Onoja was not discharged or reprimanded

95.     Moreover, by keeping defendant  Onoja in the field with knowledge of his unconstitutional

conduct without disciplining him the District has ratified his conduct.

96.     The District's custom and ratification was the moving force behind Mr. Lawrence Bey's suffering

loss of liberty and physical injuries and emotional distress.

**RELIEF DEMANDED**

Mr. Lawrence Bey respectfully requests that this Court grant him the following relief:

**A.**     Enter a judgment in favor of plaintiff.

**B.**     Enter a judgment awarding plaintiffs attorneys' fees and costs incurred in bringing this action

under 42 U.S.C. § 1988; and

**C.**     Grant such other relief as this Court deems just and proper.

| | |
|---|---|
| Respectfully submitted,<br><br>/s/ William Claiborne<br>WILLIAM CLAIBORNE<br>D.C. Bar # 446579<br><br>Counsel for Mr. Lawrence Bey<br><br>2020 Pennsylvania Ave, NW<br>#395<br>Washington, DC  20006<br>Phone 202/824-0700<br>Email claibornelaw@gmail.com | |

**JURY DEMAND**

Plaintiffs demand a jury of six as to all claims so triable.


/s/William Claiborne

Page 14

WILLIAM CLAIBORNE
D.C. Bar # 446579
Counsel for Plaintiff